**Karen KRAUSS, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant– Appellee.**

**No. 01–1816.**

United States Court of Appeals, Sixth Circuit.

June 26, 2002.

Before CLAY and GILMAN, Circuit Judges; HAYNES, District Judge.*

Karen Krauss appeals a district court judgment affirming the Commissioner's denial of her application for social security

---

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

disability insurance benefits. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Krauss filed an application for social security disability insurance benefits alleging that she suffered from a seizure disorder. Following a hearing, an Administrative Law Judge (ALJ) determined that Krauss was not disabled because she could perform a substantial number of jobs in the economy. The Appeals Council declined to review the ALJ's decision. Krauss then filed a complaint seeking judicial review of the Commissioner's decision. Upon de novo review of a magistrate judge's report, the district court granted judgment to the Commissioner.

Upon review, we conclude that substantial evidence exists to support the Commissioner's decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir.1989).

■ Krauss states that she satisfies § 11.03 of 20 C.F.R. Part 404, Subpart P, Appendix 1. Krauss contends that the ALJ should have obtained third party testimony from witnesses who saw her epileptic seizures prior to the expiration of her insured status. Krauss argues that this information was necessary in order to make a determination on whether she satisfied the listed impairment. It is Krauss's burden to show that she satisfies the impairment. *See Foster v. Halter*, 279 F.3d 348, 354 (6th Cir.2001). Thus, it was not the ALJ's responsibility to obtain the witnesses necessary to describe Krauss's epileptic seizures prior to the expiration of her insured status.

Krauss also contends that the opinion of her treating physician was not given proper weight. The medical evidence establishes that Krauss was in an automobile accident in November 1975. She received no medical treatment after the collision until October 30, 1987, just two months before her insured status expired. Krauss was hospitalized following a grand mal seizure. During her hospitalization, Krauss was placed on Tegretol and, upon discharge on November 5, 1987, her medication was in therapeutic range. Examinations in November 1987 and January 1988 by Krauss's treating physician found her Tegretol level to be within therapeutic range. After she started taking Tegretol, Krauss reported no new seizures or symptoms. By January 1988, less than three months after she started Tegretol, Krauss's treating physician felt that she would probably remain free of seizures if she continued her prescribed medication. The medical evidence establishes that once Krauss was placed on a prescribed treatment plan, she remained seizure free. Thus, Krauss's contention that the opinion of her treating physician was not given sufficient weight is meritless as it establishes that she does not satisfy § 11.03 of Appendix 1.

■ Krauss contends that the district court erred by not remanding the case to the ALJ for further vocational testimony. Krauss states that although the vocational expert stated she could perform light and sedentary clerical jobs, the ALJ failed to ask the vocational expert the number of jobs which existed in the regional or national economy. The ALJ's failure to ascertain the number of light and sedentary clerical jobs in the regional or national economy was harmless error. *See Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989). The *Dictionary of Occupational Titles* indicates over 500 different job titles in the clerical occupational field describing thousands of jobs in the labor market. The ALJ's error was harmless.

Krauss contends that the trial court should have remanded the case to the ALJ

so a medical expert could assist the ALJ in determining the severity of her medical and emotional impairments. However, there is no evidence that Krauss suffered from a disabling seizure disorder prior to the expiration of her insured status. The medical evidence establishes that once Krauss received the proper medical care, her seizure disorder was controlled. There was no need for additional medical evidence.

Accordingly, we affirm the district court's judgment.